UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY VALLEY PROFESSIONAL CENTER, LLC, <br><br>         Plaintiff, <br><br> v. <br><br> ADAM ASKARI, DOES I through V, inclusive, <br><br>         Defendant. | Case No.: 11-CV-03197-LHK <br><br><br> ORDER REMANDING CASE |

On June 28, 2011, Defendant Adam Askari removed this action to federal court. The case was reassigned to the undersigned Judge on July 12, 2011. Having reviewed the pleadings, the Court has concluded that it lacks subject matter jurisdiction over this action. This Court has a continuing obligation to raise issues of subject matter jurisdiction whenever it appears that jurisdiction may be lacking. Fed. R. Civ. Pro. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

The action removed by Defendant is an unlawful detainer action based solely on state law. Defendant states that "this removal is necessary to overcome the undue prejudice caused by the

1

1 Unlawful Detainer restrictions." In the notice of removal, Defendant asserts that removal

2 jurisdiction under 28 U.S.C. § 1446(b) is proper under 28 U.S.C. § 1443(1), 28 U.S.C. § 1331, and

3 28 U.S.C. § 1367. However, Plaintiff's Complaint fails to allege: (a) that he has been deprived of a

4 right arising under federal law and "providing for specific civil rights stated in terms of racial

5 equality," and that he cannot enforce that right in state court under 28 U.S.C. § 1443(1) (*see Hewitt

6 v. Stanton,* 798 F.2d 1230, 1233 (9th Cir. 1986) (internal citations omitted)); (b) any basis for

7 original federal jurisdiction under 28 U.S.C. § 1331; or (c) any basis for the Court to exercise

8 supplemental jurisdiction under 28 U.S.C. § 1367. Even if Defendant asserts a defense to the

9 unlawful detainer action arising under federal law, this does not make the case removable.

10 *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

11 Because Plaintiff's complaint for unlawful detainer raises no federal claims, there appears

12 to be no basis for removal and no subject matter jurisdiction in this Court.

13 Accordingly, the Court REMANDS this case to the Santa Clara County Superior Court.

14 **IT IS SO ORDERED.**

15 Dated: August 8, 2011

16 _____
LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-03197-LHK
ORDER REMANDING CASE